UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cr-20056-SLD-EIL |
| TARVEZ Q. SMITH, | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Tarvez Q. Smith's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 32, and counseled Motion for Compassionate Release (Amended and Substituted by Counsel), ECF No. 35, and the United States' Motion for Leave to File Under Seal Exhibit 2 to the United States of America's Response to Defendant's Amended Motion for Compassionate Release, ECF No. 39. For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file under seal is GRANTED.

BACKGROUND

On May 8, 2019, Defendant was sentenced to 90 months of imprisonment for distribution of fentanyl heroin. *See* Judgment 1–2, ECF No. 28. He is currently serving his sentence at Federal Correctional Institution Greenville in Greenville, Illinois and is scheduled to be released March 18, 2024. *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Tarvez Smith) (last visited Jan. 26, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed counsel to represent Defendant with respect to this motion. *See* Nov. 30, 2020 Text Order. An amended motion was

1

filed by counsel on December 23, 2020.  The United States opposes Defendant's request for compassionate release.  Resp., ECF No. 37.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  "The defendant has the burden to show he is entitled to a sentence reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### II. Analysis

Defendant argues that there are extraordinary and compelling reasons to release him because he has underlying medical conditions that increase his risk for severe illness from COVID-19.  Am. Mot. Compassionate Release 2–3, 11.  He also argues, without much detail, that the § 3553(a) factors do not "outweigh the 'extraordinary and compelling reasons'

warranting compassionate release." *Id.* at 13.  The United States argues that "a sentence reduction is not warranted under the applicable Section 3553(a) factors."  Resp. 1.[1]

The United States agrees that Defendant has established an extraordinary and compelling reason for release based on his medical conditions, *id.* at 2, so the Court need not address this requirement in detail.  The Court has found that a defendant establishes an extraordinary and compelling reason for release if he has an underlying condition that puts him at risk for serious illness or death should he contract COVID-19, *see, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020), and further notes that this is consistent with the Sentencing Commission's "working definition" of extraordinary and compelling reasons, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *see* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").  Here, Defendant undisputedly suffers from at least two conditions that the Centers for Disease Control and Prevention ("CDC") recognize as increasing his risk for severe illness from COVID-19.  *See* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020) (obesity and type 2 diabetes).[2]

The Court's decision, then, comes down to whether releasing Defendant would be warranted considering the § 3553(a) factors.  These factors include: "the nature and

---

[1] The United States concedes that Defendant has met the exhaustion requirement.  Resp. 2.  The Court therefore need not address it.  *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

[2] The Court need not address Defendant's contention that he has additional risk factors for severe illness from COVID-19 including that he has hypertension, high cholesterol, sleep apnea, and low lung capacity and that he is African American.  Am. Mot. Compassionate Release 3.

circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

The Court finds, after consideration of the § 3553(a) factors, that releasing Defendant is unwarranted. Defendant sold heroin and heroin laced with fentanyl around the Decatur, Illinois area. Revised Presentence Investigation Report ("PSR") ¶ 6–12, ECF No. 23. When police attempted to pull Defendant over, he fled, driving through a stop sign and a stop light, *id.* ¶ 14, further placing his community in danger. Defendant's criminal history was serious enough that he was considered a career offender under the Sentencing Guidelines, U.S. Sentencing Guidelines Manual § 4B1.1. PSR ¶ 28. He had two prior convictions for aggravated battery, *id.* ¶¶ 36, 39, and a prior conviction for delivery of heroin near a church, *id.* ¶ 40. Moreover, he was on parole at the time he committed the instant offense. *Id.* ¶ 43.

The Court commends Defendant for participating in programming while in BOP custody, *see* Am. Mot. Compassionate Release 4, but finds that the seriousness of the offense, the need to promote respect for the law, and the need to provide for adequate deterrence weigh against granting this motion. The Court fashioned the 90-month sentence to account for the amount of heroin involved in this offense and to reflect Defendant's risk of recidivism. Defendant has served slightly more than three years of this sentence. To release him now would undermine the purposes of the sentence. The Court therefore denies Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Accordingly, Defendant Tarvez Q. Smith's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 32, and counseled Motion for Compassionate Release (Amended and Substituted by Counsel), ECF No. 35, are DENIED. The United States' Motion for Leave to File Under Seal Exhibit 2 to the United States of America's Response to Defendant's Amended Motion for Compassionate Release, ECF No. 39, is GRANTED because Defendant's medical records should be sealed.

Entered this 26th day of January, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE